427 F.2d 71
 Francis HAINES, Plaintiff-Appellant,
v.
Otto J. KERNER, Former Governor, State of Illinois, Chicago,
Illinois; Ross V.Randolph, Director of Public Safety, State
of Illinois, Springfield, Illinois;Max P. Frye, Warden,
Lewis C. Lence, Assistant Warden, Jeffie Biggs,
AssistantWarden,Paul V. Sympson, Senior Guard Captain,
Russell Lence, Guard Captain, E. Rogers,Guard Lieutenant,
Donald Gentsch, Record Clerk, William Sheets,
CommissaryOfficer, Paul T. Duncan, Guard, all of the
Illinois State Penitentiary, Menard,Illinois
62259,Defendants-Appellees.
 No. 17511.
 United States Court of Appeals, Seventh Circuit.
 May 25, 1970, Rehearing Denied June 19, 1970.
 
 Francis Haines, in pro, per.
 William J. Scott, Atty. Gen., Chicago, Ill., for defendants-appellees; James R. Thompson, Joel M. Flaum, Thomas J. Immel, Asst. Attys. Gen., of counsel.
 Before KNOCH, Senior Circuit Judge, FAIRCHILD, Circuit Judge, and GRANT,[1] District Judge.
 KNOCH, Senior Circuit Judge.
 
 
 1
 Plaintiff-appellant Francis Haines, brought suit in the United States District Court, pursuant to the Civil Rights statutes, Title 28 U.S.C. 1343(3) and Title 42 U.S.C. 1981, in forma pauperis, to recover a total of $500,000 as damages for deprivation of his rights, under Title 42 U.S.C. 1981, 1983 and 1985(2).
 
 
 2
 Plaintiff's Complaint states that he is confined in the Illinois State Penitentiary at Menard, Illinois. He describes the defendants as officers and employees of the State of Illinois and as conspiring among themselves and with others, directly or through agents, to deny Plaintiff his Constitutional rights, principally, to be free of cruel and unusual punishments and not to be deprived of liberty or property without due process of law.
 
 
 3
 As Plaintiff, in his brief, describes the incident out of which this action arose, he was engaged in an argument with two other inmates in the course of which he struck one with a shovel. He states that he refused to explain his action or to discuss the incident with the investigating prison authorities, as a result of which he was placed in solitary confinement for a period of fifteen days. Plaintiff says he is 66 years of age and has a foot disability discernable by X-ray for which he was awarded compensation in a hearing before the Illinois Industrial Commission. He found solitary confinement with its attendant rigorous conditions particularly onerous, and he considers it to be cruel and unusual punishment improperly imposed without a court trial. He was also classified as 'C' under the Progressive Merit System, which he explains in his Complaint indicated unsatisfactory behavior and entailed a loss of privileges such as commissary rights and the right to earn 'merit time.'
 
 
 4
 The Defendants moved to dismiss the Complaint for failure to state a cause of action on which relief might be granted. The District Judge granted this motion and appeal followed.
 
 
 5
 State prison officials are vested with wide discretion, and discipline reasonably maintained in state prisons is not subject to our supervisory direction.
 
 
 6
 Apart from purely conclusory statements, the allegations of Plaintiff's Complaint do not show that the Defendants acting under color of state law or in conspiracy abridged his Constitutional rights, privileges or immunities within the scope of the Civil Rights statutes on which he relies. Cf. Henderson v. Pate, 7 Cir., 1969, 409 F.2d 507, 508, cert. den. 396 U.S. 914, 90 S.Ct. 233, 24 L.Ed.2d 191.
 
 
 7
 The decision of the District Judge is affirmed.
 
 
 8
 Affirmed.
 
 
 
 [1]
 Judge Grant from the Northern District of Indiana is sitting by designation