Richard BLACK, Plaintiff-Appellant,

v.

Herbert D. BROWN et al.,
Defendants-Appellees.

No. 73–1624.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 21, 1975.

Decided March 20, 1975.

Richard Black, Joliet, Ill., for appellant.

Jerold S. Solovy and Robert L. Byman, Jenner & Block, Chicago, Ill., for amicus curiae.

William J. Scott, Atty. Gen., Melbourne A. Noel, Jr., Asst. Atty. Gen., Chicago, Ill., for defendants-appellees.

Before CUMMINGS and SPRECHER, Circuit Judges, and MARKEY, Chief Judge.*

SPRECHER, Circuit Judge.

The issue presented by this appeal is whether plaintiff Black's complaint states any cause of action cognizable under 42 U.S.C. § 1983, thereby making the dismissal below erroneous.

I

On April 17, 1972, plaintiff, an inmate of the Illinois State Penitentiary at Jol-

iet, Illinois filed his second amended *pro se* complaint,[1] alleging violations of his constitutional rights by officials of the Illinois State penal system. Liberally construed, his complaint seeks injunctive, declaratory and monetary relief on four grounds.

First, he alleges that on or about March 21, 1969, he was placed in punitive isolation for chasing another prisoner into the yard; that this was done without any type of hearing and that he was therefore denied procedural due process.[2]

Second, plaintiff alleges that on or about April 4, 1969, he was removed from punitive isolation and placed in punitive segregation where he remained for approximately 18 months. The complaint alleges that while in isolation and segregation, plaintiff was denied free access to the courts because of the actions of defendant officials.

Third, the plaintiff alleges that while in isolation and segregation he was subjected to cruel and unusual punishment by reason of the conditions of his confinement.

Finally, plaintiff alleges that defendant officials deprived him of statutory good time credits without advance written notice, right to counsel, right to call witnesses in rebuttal and the right to cross-examine witnesses.

The district court dismissed the complaint on the grounds that subsequently adopted prison regulations mooted plaintiff's claim for injunctive relief and that since no overt involvement by any of the named defendants was alleged, monetary relief would not lie against them. For

without a hearing or the benefit of counsel, without being informed of the alleged infraction of prison rules, without being able to cross-examine his accusers and to call witnesses on his own behalf, without being given in writing the decision of the disciplinarian captain setting forth the evidence upon which it is based, the reasons for the decision, and the legal basis for the punishment imposed.

---

* Chief Judge Howard T. Markey of the United States Court of Customs and Patent Appeals is sitting by designation.

1. The first complaint, which was filed June 25, 1971, was superseded by an amended complaint filed by appointed counsel. Thereafter, Black moved to have the appointed counsel discharged and he filed a second amended complaint.

2. The complaint specifically alleges that he was placed in isolation

the following reasons we affirm in part and reverse and remand in part.

## II

 It is quite clear that because of his release from isolation plaintiff is not entitled to injunctive relief on his claim that he was placed there without procedural due process. It is equally clear that if this court's decision in United States ex rel. Miller v. Twomey, 479 F.2d 701 (7th Cir. 1973), cert. denied, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 102 (1974), were applicable, plaintiff would have stated a cause of action.[3]

In Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court held that specific procedures delineated to implement procedural due process in prison disciplinary matters would be applied prospectively. *Id.* at 573–574, 94 S.Ct. at 2983, 41 L.Ed.2d 935. In light of *Wolff* this court has previously held that the procedural due process rules of *Miller* are not to be applied retroactively. Chapman v. Kleindienst, 507 F.2d 1246, 1252 (7th Cir. 1974).

The crucial issue then is, what was the state of the law in March 1969 when plaintiff alleges he was denied procedural due process. As late as 1966, this court held that except in exceptional circumstances "internal matters such as rules and regulations in state prisons, are the sole concern of the states, and that federal courts will not inquire concerning them." Walker v. Pate, 356 F.2d 502, 504 (7th Cir. 1966).

This court relied on the foregoing when it affirmed the dismissal of the complaint in Haines v. Kerner, 427 F.2d 71 (7th Cir. 1970).[4] The Supreme Court reversed the decision of this court holding that the dismissal of the complaint was improper. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

 There is nothing in *Wolff* to indicate that the holding of *Haines* is not retroactive. Indeed, *Wolff* cites *Haines* approvingly. *Wolff, supra,* at 255–57, 94 S.Ct. at 2974–75, 41 L.Ed.2d 935.[5] Therefore, we believe it was improper to dismiss plaintiff's complaint on this issue in light of the allegation that he was not given any opportunity at all to explain his actions before being confined in isolation.[6]

---

3. We thus reject the reasoning of the district judge that plaintiff's complaint does not charge the named defendants with any actions that violated his constitutional rights. Construing plaintiff's complaint liberally, as we must, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), it alleges that the defendants had knowledge or should have known of or personally directed the procedures which were followed at Joliet. This is more than a mere respondeat superior theory and it is a sufficient allegation for section 1983 liability.

4. In *Haines* the plaintiff alleged *inter alia* that in March 1968 he was placed in solitary confinement without receiving procedural due process.

5. The Supreme Court's decision in *Haines* deals both with plaintiff's claim of a denial of procedural due process and his claim of cruel and unusual punishment. It is impossible from that decision to say that the Court's decision that plaintiff's complaint should not have been dismissed applied only to the cruel and unusual punishment claim. In fact, in *Wolff* the Court cited its *Haines* decision as dealing with a "denial of due process in the steps leading to [disciplinary] confinement." *Wolff, supra* at 557, 94 S.Ct. at 2975, quoting from *Haines,* 404 U.S. at 520, 92 S.Ct. 594, 30 L.Ed.2d 652.

6. We note that on remand the defendants may raise their good faith as a defense to plaintiff's claim for monetary damages. On remand of Haines v. Kerner, 492 F.2d 937 (7th Cir. 1974), this court said:

 Since good faith is a defense to state officials sued for damages under 42 U.S.C. § 1983 . . . we believe that in a damage action the conduct of the prison officials should be tested against constitutional doctrine as described in prevailing judicial decisions at the time of their action.

 *Id.* at 941.

 As a general proposition the good faith defense of a state official is a factual matter, not to be disposed of on a motion to dismiss. Fidtler v. Rundle, 497 F.2d 794, 801 (3d Cir. 1974). Because of our holding in *Haines* after remand from the Supreme Court, and given the status of the law in 1969, it may be that the good faith defense of the defendants will be easy to establish. Notwithstanding this fact, we believe that unless plaintiff could under no circumstances make his case, the determination

## III

Petitioner's complaint alleges that he was denied free and reasonable access to federal and state courts while in isolation and segregation, in that he was not allowed to have in his possession a ball point pen, pencils and erasers; denied access to the prison law library; denied access to legal material with which to prepare legal documents and that he was denied the assistance of other inmates in the preparation of legal materials.

Without expressing any position on the validity of any of these claims or the good faith of the defendants involved, we hold that dismissal of plaintiff's claim for damages was improper.[7]

The fact that new regulations had been adopted by prison officials subsequent to the factual events of this case, does not moot plaintiff's claim for either declaratory or monetary relief.[8] Knell v. Bensinger, 489 F.2d 1014 (7th Cir. 1973); Sigafus v. Brown, 416 F.2d 105 (7th Cir. 1969). Again, the defendants' good faith, although to be judged by the law as it existed at the time, should not be resolved on a motion to dismiss. Fidtler v. Rundle, 497 F.2d 794, 801 (3d Cir. 1974); cf. LaBatt v. Twomey, 513 F.2d 641 (7th Cir., 1975).

## IV

In his complaint, plaintiff asserts that while confined in punitive isolation, he was subjected to cruel and inhuman conditions inasmuch as: the prison cell where he was confined was infested with cockroaches and other insects; he was denied soap, hot water and showers; his cell was filthy because he was not allowed the use or possession of brooms, cleanser or any other cleaning necessities; the toilet was filthy and crusted with slime and excrement; no furniture was provided and he was required to sleep on the floor; his meals were pushed through rusty bars, as a direct result, rust got into the food and he suffered illness.

The district judge in dismissing the complaint made no direct reference to petitioner's claim for damages based on his contention that he was subjected to a standard of decency below what was acceptable in 1969.

We cannot say that under all circumstances the petitioner's allegations do not entitle him to monetary or declaratory relief. Thomas v. Pate, 493 F.2d 151, 159–60 (7th Cir.), vacated on other grounds sub nom. Cannon v. Thomas, 419 U.S. 813, 95 S.Ct. 288, 42 L.Ed.2d 39 (1974); LaReau v. MacDougall, 473 F.2d 974 (2d Cir. 1972), cert. denied, 414 U.S. 878, 94 S.Ct. 49, 38 L.Ed.2d 123 (1973); Wright v. McMann, 460 F.2d 126 (2d Cir.), cert. denied, 409 U.S. 885, 93 S.Ct. 115, 34 L.Ed.2d 141 (1972). Therefore, the complaint was improperly dismissed.

## V

Plaintiff alleges finally that he was denied good time credits at a hearing that did not comply with procedural due process requirements.[9] The alleged deficiencies of the hearing include some procedures mandated by Wolff and others rejected there. Since Wolff makes clear that procedures accepted therein for prison disciplinary hearings cannot be applied retroactively, plaintiff has not stated a cause of action with regard to this claim.

The judgment below is reversed and remanded insofar as it dismisses plaintiff's complaint with regard to his request for declaratory and monetary relief for the imposition of isolation and segregation without procedural due process, for denial of reasonable access to the

---

of good faith is a factual matter, that should be handled by the trier of fact on something other than a motion to dismiss.

7. See note 3, supra.

8. The claim for injunctive relief is, of course, mooted by plaintiff's release from isolation and segregation.

9. The claim here is different from that in part II supra, where it was alleged no hearing whatsoever was held.

courts, and for subjecting him to conditions that amounted to cruel and unusual punishment. In other respects the judgment below is affirmed.