Charles THOMAS, Plaintiff-Appellant,

v.

Warden Frank J. PATE et al.,
Defendants-Appellees.

Luther W. MILLER,
Plaintiff-Appellant,

v.

ILLINOIS DEPARTMENT OF
CORRECTION et al.,
Defendants-Appellees.

Nos. 71–1410 and 71–1411.

United States Court of Appeals,
Seventh Circuit.

March 25, 1975.

As Amended March 31, 1975.

Certiorari Denied Oct. 6, 1975.

See 96 S.Ct. 149.

Lynne E. McNown, Jerold S. Solovy, Jenner & Block, Chicago, Ill., for plaintiff-appellant.

William J. Scott, Atty. Gen., Melbourne A. Noel, Jr., Asst. Atty. Gen., Chicago, Ill., for defendants-appellees.

Before FAIRCHILD, Chief Judge, KILKENNY, Senior Circuit Judge *, and STEVENS, Circuit Judge.

ON REMAND FROM THE
SUPREME COURT

PER CURIAM.

Our opinion in this cause, reported at 493 F.2d 151 (7th Cir. 1974), was issued

* Senior Circuit Judge John F. Kilkenny of the Ninth Circuit Court of Appeals is sitting by designation.

January 10, 1974. The United States Supreme Court granted certiorari on October 15, 1974, vacated the judgment, and remanded the case "for further consideration in light of Wolff v. McDonnell, 418 U.S. 539, page 573 [94 S.Ct. 2963, page 2983, 41 L.Ed.2d 935], 1974." 419 U.S. 813, 95 S.Ct. 288, 42 L.Ed.2d 39 (1974).

The parties to the dispute have been invited to brief the issues presented by the Supreme Court's order. Upon careful consideration of the matter, we conclude that the rationale of *Wolff* can affect only part 4(d) of the original opinion, titled "Due Process in Disciplinary Proceedings," and set forth at 493 F.2d 160–161.[1]

In that part we summarized Thomas' allegations of denial of procedural due process in disciplinary proceedings and concluded that the district court erred in dismissing them. We relied on the specific due process requirements set out in United States ex rel. Miller v. Twomey, 479 F.2d 701, 718 (7th Cir. 1973) in determining that Thomas' complaint adequately alleged deficiencies in the disciplinary proceedings against him.

■ Upon consideration in the light of *Wolff*, we conclude that the specifications in *Miller* are sufficiently detailed to be deemed "new procedural rules affecting inquiries into infractions of prison discipline" and therefore not to be retroactively applied. See Chapman v. Kleindeinst, 507 F.2d 1246 at page 1252 (7th Cir. 1974).

Thus we are not called upon to consider the substance of Thomas' allegations in the light of more general and pre-*Miller* principles of due process as applied to disciplinary proceedings in state penal institutions.

The events described by Thomas occurred in 1963 and 1964 and had dismiss-al of his complaint been tested in this circuit at that time, dismissal would undoubtedly have been affirmed.

In United States ex rel. Knight v. Ragen, 337 F.2d 425, 426 (7th Cir. 1964), this court held that a complaint alleging arbitrary placement by prison officials of an inmate in isolation or confinement did not state a federal cause of action under the Civil Rights statutes. It was further asserted that "[e]xcept under exceptional circumstances [such as Cooper v. Pate [378 U.S. 546] [84 S.Ct. 1733, 12 L.Ed.2d 1030] (1964), where the Supreme Court held that a complaint which alleged petitioner was being denied privileges enjoyed by other inmates due to his religious beliefs stated a cause of action under the Civil Rights Act.], internal matters in state penitentiaries are the sole concern of the states and federal courts will not inquire concerning them. [Citations omitted.]" See also, United States ex rel. Atterbury v. Ragen, 237 F.2d 953 (7th Cir. 1956); United States ex rel. Morris v. Radio Station WENR, 209 F.2d 105 (7th Cir. 1953).

In a case in which the facts doubtless occurred before 1970, we made a decision similar to that in *Knight*, Haines v. Kerner, 427 F.2d 71 (7th Cir. 1970). On review, however, the Supreme Court held that Haines' complaint alleging in part denial of due process in the steps leading to disciplinary confinement should not have been dismissed. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). We are aware of no suggestion that the retroactivity of *Haines* is limited. Indeed in the portion of the Court's opinion in *Wolff* where the state's argument "is not included in that 'liberty' protected by the Fourteenth Amendment" was rejected, *Haines* was cited for the sufficiency of a § 1983 complaint where "the state prisoner asserted a 'denial of due process in

---

1. The defendants suggest that, since they sought certiorari both as to part 1 and part 4(d) of our original opinion and since the Supreme Court denied plaintiffs' petition for rehearing in which plaintiffs asked for modification of the order so as expressly to apply only to part 4(d), we are required to reconsider part 1 as well. We reject this contention. Our reconsideration is directed to be "in light of Wolff v. McDonnell . . . (pages 31–32 of slip opinion)." The issues discussed in part 1 were not before the Court in *Wolff*.

the steps leading to [disciplinary] confinement'." 418 U.S. at 557, 94 S.Ct. at 2975.

■ Testing Thomas' allegations by the more general due process principles reflected in *Haines*, we conclude that although the procedures implied in 1963 and 1964 with respect to Thomas are not to be held to the standards of Miller v. Twomey, his complaint should not have been dismissed.[2]

Accordingly, the judgment appealed from is reversed and the causes are remanded for further proceedings consistent with our opinion filed January 10, 1974, except for the modifications required by this per curiam opinion.

KILKENNY, Senior Circuit Judge (dissenting).

I would vacate and remand to the district court for a full fledged hearing in which the court would determine and judicially declare whether appellees' disciplinary rules and regulations, *currently in effect*, meet the four constitutional requirements enunciated in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). If the court finds that the procedural due process safeguards required by *Wolff* are recognized in the current rules and regulations, the case should be dismissed. Otherwise, the court should direct appellants to amend their practices, rules and regulations to comply with such safeguards.

2. The complained of conduct here has, of course, terminated and the complaint contains no clear allegation of continuing illegal activity. Thus, there is no basis for injunctive relief and dismissal would be appropriate if no damages could be awarded. Thomas also seeks damages. Wood v. Strickland, 420 U.S. 308, 322, 95 S.Ct. 992, 1001, 43 L.Ed.2d 214 (1975), while expressly limited to "the specific context of school discipline," represents the Supreme Court's most recent consideration of qualified immunity from damages for public officials in a § 1983 action. If applicable to prison administration, that opinion suggests that, to recover damages, a plaintiff must prove that the defendant has acted within the sphere of his official responsibility, "with the malicious intention to cause a deprivation of constitutional rights or other injury to the [plaintiff]" or "with such disregard of the [plaintiff's] clearly established constitutional rights that his action cannot reasonably be characterized as being in good faith." Id. Thomas' pro se complaint alleges several instances of unjustified physical beatings in response to requests for notice and an opportunity to respond to disciplinary charges. We believe that applying either the "qualified immunity" standards of *Wood* or those formulated as a "good faith defense" for prison officials in our decisions of Haines v. Kerner, 492 F.2d 937, 941 (7th Cir. 1974) and United States ex rel. Miller v. Twomey, *supra*, 479 F.2d at 719, note 39, the existence of those defenses does not sufficiently appear on the face of the complaint to require dismissal. See Scheuer v. Rhodes, 416 U.S. 232, 239, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).