**Bennie SOWELL, Plaintiff,**

v.

**Thomas ISRAEL, and John Riegler, Defendants.**

Civ. A. No. 80–C–280.

United States District Court, E. D. Wisconsin.

Nov. 14, 1980.

Bennie Sowell, pro se.

Bronson C. LaFollette, Atty. Gen., Steven D. Ebert, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for declaratory, injunctive, and monetary relief brought pursuant to 42 U.S.C. § 1983 and the applicable jurisdictional provision 28 U.S.C. § 1343(3).

The defendants moved to dismiss the plaintiff's action for failure to state a claim upon which relief can be granted. Since the defendants filed an affidavit in support of their motion to dismiss, Rule 12(b) of the Federal Rules of Civil Procedure requires that this motion be treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Sprague v. Fitzpatrick*, 546 F.2d 560, 563 (3d Cir. 1976), cert. denied, 431 U.S. 937, 97 S.Ct. 2649, 53 L.Ed.2d 255 (1977).

Presently before the court is the defendants' motion for summary judgment. For the reasons stated below, the motion will be granted.

The plaintiff, an inmate at the Wisconsin State Prison ("W.S.P."), brought this pro se civil rights action against Thomas Israel, the warden of W.S.P., and John Riegler, the supervisor of W.S.P.'s kitchen. On February 12, 1980, the plaintiff was injured as a result of a slip and fall sustained while assigned to a kitchen job at W.S.P. On the same date he was taken to the Waupun Memorial Hospital in Waupun, Wisconsin,

and the Clinical Services Center in Madison, Wisconsin, for examination and treatment.

Because of his injury, the plaintiff was assigned to a sick cell. He was examined by medical doctors on February 12, 13, and 14, 1980, and by a nurse on February 18, 1980. On February 20, 1980, he was examined by Dr. Rosen and Dr. Rosen ordered whirlpool treatments and medication for the plaintiff. He was examined by an orthopedic doctor, Dr. Rosenthal, on February 24, 1980. Dr. Rosenthal ordered the taking of more x-rays of the plaintiff's injury. When the x-rays showed no injury to the plaintiff, Dr. Rosenthal ordered moist heat and an elastic lumbar corset for the plaintiff. Since his injury, the plaintiff has been on unassigned status.

■ The plaintiff claims that the defendants violated his Eighth Amendment rights for the reason that they demonstrated and continue to demonstrate indifference to the plaintiff's medical needs. The plaintiff's own "Complaint," "Traverse to the Return," and "Traverse to Motion to Dismiss" filed in this action show that he has received extensive medical treatment for his medical condition since his slip and fall. To state a cognizable Eighth Amendment claim for the denial of medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle, Corrections Director v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). The record before the court simply does not support the plaintiff's claim that he has been unconstitutionally deprived of adequate medical care. Absent aggravating circumstances, a prisoner's dissatisfaction with the effectiveness of the medical treatment rendered to him does not state a claim upon which relief can be granted. See *Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir. 1974), vacated sub nom. *Cannon v. Thomas*, 419 U.S. 813, 95 S.Ct. 288, 42 L.Ed.2d 39 (1974), on remand 516 F.2d 889 (7th Cir. 1975), cert. denied, 423 U.S. 877, 96 S.Ct. 149, 46 L.Ed.2d 110 (1975). Accordingly, the defendants' motion for summary judgment is granted as to the plaintiff's medical claims.

■ The plaintiff next claims that the defendants violated his Eighth and Fourteenth Amendment rights by reclassifying his status to unassigned, thereby not allowing him to earn good-time credit. The administration of prison work is best left to the reasoned discretion of prison officials. See *United States ex rel. Miller v. Twomey*, 479 F.2d 701, 703 n. 25 (7th Cir. 1973), cert. denied, *Gutierrez v. Department of Public Safety*, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 102 (1974). A prisoner does not have a constitutionally protected interest in the assignment to a particular prison job. *Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir.), cert. denied, 435 U.S. 1009, 98 S.Ct. 1882, 56 L.Ed.2d 391 (1978); *Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir. 1975), or a constitutionally protected opportunity to earn good time. *Arsberry v. Sielaff*, 586 F.2d 37, 47 (7th Cir. 1978). Therefore, a prison official's decision to reclassify a prisoner to another job or to no job at all is a matter within the discretion of the institution administrator and neither requires due process nor constitutes cruel and unusual punishment. Accordingly, the defendants' motion for summary judgment is granted as to these claims.

■■ The plaintiff also alleges that the defendants conspired to deprive him of his constitutional rights. A conspiracy may be the basis for a claim under 42 U.S.C. § 1983. *Simpson v. Weeks*, 570 F.2d 240 (8th Cir. 1978), cert. denied, 443 U.S. 911, 99 S.Ct. 3101, 61 L.Ed.2d 876 (1979); *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978), cert. granted sub nom. *Dennis v. Sparks*, 445 U.S. 942, 100 S.Ct. 1336, 63 L.Ed.2d 775 (1980). Nonetheless, since the plaintiff's complaint contains only conclusory allegations of a conspiracy to deprive him of his constitutional rights, the plaintiff's complaint cannot survive the defendants' motion for summary judgment. See *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977), cert. denied, 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978); *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977). Accordingly, the defendants' motion for summary judgment is granted as to this claim.

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment be and is hereby granted, and this action is dismissed.