**Hassan A. MUHAMMAD, a/k/a Irving L. Madden, Plaintiff-Appellant,**

v.

**Charles J. ROWE, et al., Defendants-Appellees.**

No. 79–1445.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 5, 1981.

Decided April 13, 1981.

Frances H. Krasnow, Jenner & Block, Chicago, Ill., for plaintiff-appellant.

Susan Sutherland, Asst. Atty. Gen., Springfield, Ill., for defendants-appellees.

Before BAUER and WOOD, Circuit Judges and BONSAL, Senior District Judge.*

PER CURIAM.

Plaintiff Hassan A. Muhammad, a/k/a Irving L. Madden, an inmate at Pontiac Correctional Center, Pontiac, Illinois, instituted this action on January 16, 1978 pursuant to 42 U.S.C. § 1983 by filing a verified complaint in the United States District Court for the Northern District of Illinois, Eastern Division. On February 1, 1978, the action was transferred to the United States District Court for the Southern District of Illinois, Northern Division. In his complaint, plaintiff seeks declaratory relief, injunctive relief and damages. On April 11, 1979, the district court dismissed some of plaintiff's claims and granted to defendants summary judgment on others, from which plaintiff appeals.

In 1975, plaintiff became a participant in the prison's TV College Program, his expenses being federally funded. Plaintiff understood that he could keep the books which he used in the TV College courses, having received a letter to that effect and having been so informed orally by Professor Cox, one of his instructors. Plaintiff prepared the appropriate forms to enable him

---

* Senior District Judge Dudley B. Bonsal of the Southern District of New York is sitting by designation.

to send the books he used to his wife. However, when his wife visited the Center on November 20, 1977, she was told that she could not take the books home. Plaintiff was then informed, notwithstanding the previous assurances given him, that the books were state property. The same evening, he was charged with various violations of the prison rules in connection with the taking of the books and was informed that a hearing had been scheduled for December 1, 1977. Plaintiff sought adjournment of the hearing so that Professor Cox could testify on his behalf, which, after an initial denial, was granted on December 13. The Adjustment Committee determined that plaintiff should be held in segregation until the hearing. The hearing was held on December 13, 1977, but, according to plaintiff, Professor Cox, though in the prison on that date, was not allowed to testify. Defendants told plaintiff that Professor Cox had not intended that the books could be sent home. The Adjustment Committee found plaintiff guilty of the theft of the textbooks.

Prior to the hearing, plaintiff had been held in segregation for 13 days. As a result of the Adjustment Committee's decision, plaintiff was demoted from "A" grade to "C" grade and penalized with the loss of three months of statutory good time. His security classification was changed from "medium" to "maximum" and he was denied Institutional Pay and Compensatory Good Time for the month of December, 1977.

Plaintiff asserts that during his 21 days in segregation he was denied medical attention and treatment, that his freedom of religion was impaired, and that he was subjected to unsanitary, inhuman conditions. Plaintiff alleges that while in segregation (1) he was suffering from rectal bleeding which was later diagnosed as an ulcer when he was visited by a surgeon on December 21, 1977; (2) he was denied daily showers although he had a medical permit prescribing daily showers; (3) the sink in his cell was backed up and inoperative, preventing him from performing the cleansing ritual required by the Muslim religion.

In the district court, plaintiff sought the appointment of counsel, which was denied on May 18, 1978. Defendants moved to dismiss the complaint or for summary judgment, filing supporting documents which included letters and an affidavit. Plaintiff was not informed that he could reply to the defendants' documents.

By order of August 1, 1978, the district court found that the Adjustment Committee's refusal to call Professor Cox without stating its reason for doing so "stated a claim for denial of due process." In the same order, the court dismissed several of plaintiff's claims.

On August 7, 1978, plaintiff filed a "Motion to Reconsider Order or, in the alternative, Motion for Leave to Take an Interlocutory Appeal in Forma Pauperis," which motions were denied on August 17, 1978. On August 28, 1978, defendants filed their answer, admitting that Professor Cox did not testify at the disciplinary hearing. The answer states that one of the defendants, Mr. DeBartolli, had spoken to Cox, so that "it was not necessary to have Professor Cox present at the hearing."

On December 18, 1978, a motion for summary judgment was filed on behalf of all defendants, some of whom had recently been added. On April 11, 1979, the district court dismissed certain claims and awarded summary judgment for defendants on others. In awarding summary judgment to defendants with respect to the ownership of the textbooks, the court found that there was no genuine issue of material fact, stating that "[b]ecause plaintiff has supplied no opposing affidavits, the defendants' affidavits must be taken as true . . . ."

We believe that the plaintiff raised issues of material fact as to which he was entitled to a hearing in the district court. See *Stringer v. Rowe*, 616 F.2d 993 (7th Cir. 1980). Since his application for appointment of counsel was denied, plaintiff is "entitled to an opportunity to offer proof" unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S.

519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). *See also Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Chapman v. Kleindienst*, 507 F.2d 1246, 1248–49 n.2 (7th Cir. 1974). Here, plaintiff was not only denied counsel, but also was not informed that he could answer documents filed in support of the defendants' motion for summary judgment with his own documents, including affidavits.

Among the issues which should be considered at a hearing are whether the plaintiff's Eighth Amendment rights were violated by (1) the failure of the defendants to respond to his requests for medical treatment while he was in segregation, *see Estelle v. Gamble, supra* at 104–05, 97 S.Ct. at 291; *Thomas v. Pate*, 516 F.2d 889 (7th Cir.), *cert. denied*, 423 U.S. 877, 96 S.Ct. 149, 46 L.Ed.2d 110 (1975), and (2) the conditions of his confinement while in segregation. *See Bolding v. Holshouser*, 575 F.2d 461, 465 (4th Cir.), *cert. denied*, 439 U.S. 837, 99 S.Ct. 121, 58 L.Ed.2d 133 (1978).

The order of the district court is reversed and the cause remanded for a hearing in the district court at which plaintiff is to be represented by counsel appointed for that purpose.