Richard BLACK, Petitioner,

v.

Herbert D. BROWN, Peter B. Bensinger, John J. Twomey, and Frank J. Pate, Respondents.

No. 71 C 1519.

United States District Court, N. D. Illinois, E. D.

June 29, 1981.

Jerold S. Solovy, Robert L. Byman, Barbara S. Steiner, Jenner & Block, Chicago, Ill., for petitioner.

Thomas Connors, Warren K. Smoot, Asst. Attys. Gen., William J. Scott, Atty. Gen., Chicago, Ill., for respondents.

## MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

This matter is before the court after remand from the Seventh Circuit for hearing on the merits. For the reasons stated below, petitioner is granted $5,000.00 damages for the deprivation of procedural due process rights and the infliction of excessive punishment.

On the morning of March 21, 1969, petitioner, Richard Black, an inmate at Illinois State Penitentiary in Joliet, was in line for breakfast at the penitentiary. An inmate struck a fellow inmate with a pipe. Black claims that one of the guards, Officer Gentry, shouted "Stop that man." Although Gentry denies making the statement, it is undisputed that someone yelled those words. In response, Black and other inmates chased the offender into the yard, until they were stopped by a guard firing into the air.

Later that day, Black was placed in punitive isolation. After one hour in isolation he was taken to Captain Holmes' office, where he was asked what he knew about the incident between the two inmates. Black was in the office for less than five minutes. At no time was Black given a hearing re the nature of his offense. On the 12th day of his confinement in isolation, Captain Holmes came to his cell and read him the offense he was charged with from the hallway. Black, knowing he had received the maximum penalty in isolation already, felt nothing he could say at this time would help reduce his punishment. He therefore said nothing. When his 15 day sentence in isolation expired, however, he was not returned to his cell but placed in punitive segregation. He remained there for 18 months. At no time was he given any explanation for his placement in segregation, or an opportunity to be heard.

Black brought this action pursuant to § 1983, alleging violation of his constitutional rights when he was placed in isolation and segregation without a hearing; that he was denied reasonable access to the courts; that he was subject to cruel and unusual punishment; and that he was denied due process when some of his good time credits were revoked. Defendants are the past and present official directors of the penitentiary. After dismissal by the district court, the Seventh Circuit, while affirming dismissal of the good time credits complaint, remanded the remainder of the case for a hearing on the merits.[1]

Although this circuit has recognized specific procedural guaranties to be applied in prison matters, that decision was reached after this cause of action arose and cannot be applied retroactively. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *United States ex rel. Miller v.*

---

1. *Black v. Brown*, 513 F.2d 652 (7th Cir., 1981).

*Twomey,* 479 F.2d 701 (7th Cir. 1973), *cert. denied, Gutierrez v. Dept. of Public Safety,* 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 102 (1974). Nevertheless, it is clear that defendants knew, or should have known, that any deprivation of rights must be accompanied by an opportunity to be heard at a meaningful time and in a meaningful manner. *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); *Mullane v. Central Hanover Tr. Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The importance of the hearing in procedural due process is too long well-established for prison officials to claim they did not know of its guaranties. The time and place of the hearing may vary according to the nature of the interests involved. Therefore, a hearing would not be required *before* any disciplinary action could take place in a prison. Yet it is inexcusable that a prisoner be in isolation for 12 days out of a 15 day sentence before he is informed of any charges pending against him. It is equally inexcusable that a prisoner be placed in punitive segregation for 18 months without an opportunity to be heard in his defense. Black was clearly deprived of due process.

■ Black also claims he was subject to cruel and unusual punishment when he was placed in isolation and segregation for over 18 months as punishment for his running in the yard. It is clear that "punishment which is disproportionate to the offense committed constitutes cruel and unusual punishment, whether imposed within or without prison walls." *Adams v. Carlson,* 488 F.2d 619, 635–36 (7th Cir. 1973); *accord, Chapman v. Pickett,* 586 F.2d 22 (7th Cir. 1978). In *Chapman* a punishment of 7 months in segregation for the offense of refusing to handle pork because of religious beliefs was found to be excessive punishment, and therefore cruel and unusual. A punishment of 18 months of combined isolation and segregation is similarly excessive, where the offense was simply running in the prison yard, where Black believed he was following the orders of an officer, and where defendants do not deny that command was spoken by someone that morning.

■ Finally, Black claims his constitutional rights were violated because he was denied reasonable access to the courts. The basis of this complaint is that although a law library had been established while Black was confined, he was unaware of it and therefore was unable to utilize it. Black did, however, have access to any material in the library if he could specifically request it by name. Although this is less access than one would have if allowed to roam the library, this deprivation does not constitute a constitutional violation.

■ Before damages can be granted for constitutional violations, plaintiff must show actual damages suffered. *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). The mental and emotional distress suffered by Black is evidenced by his significant weight loss and nausea during the time he was in isolation and segregation. The lack of toilet articles and lack of basic cleanliness in Black's isolation cell contributed to his distress. Mental and emotional distress is sufficient damage under § 1983. *Carey v. Piphus,* 435 U.S. at 263–64, 98 S.Ct. at 1052.

Accordingly, plaintiff is granted $5,000 in compensation for the deprivations of procedural due process and the excessive punishment inflicted. Leave is also granted Black's attorneys to petition for attorneys' fees, in accordance with 42 U.S.C. § 1988.