932 F.2d 971
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Arthur JAUREGUI, Plaintiff-Appellant,
v.
Robert ACOSTA and Jerry D. Forth, Defendants-Appellees.
 No. 89-3782.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 1, 1991.*
Decided May 13, 1991.
 
 Before WOOD, JR., COFFEY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Arthur Jauregui brought this action under 42 U.S.C. Sec. 1983 against two prison officials, alleging violations of his federal constitutional right to equal protection arising out of a mock casualty drill at the Sheridan Correctional Center in Sheridan, Illinois. Specifically, Jauregui alleged that the assistant warden, Robert Acosta, treated him differently from other inmates in that he was the only inmate participating in the drill who received a disciplinary violation. He alleged further that the superintendent of prison industries, Jerry D. Forth, refused to reinstate him to his work assignment, despite having reinstated other inmates who committed infractions. The district court dismissed the action pursuant to Fed.R.Civ.P. 12(b)(6). This appeal followed.
 
 
 2
 We agree with the district court that Jauregui failed to state an equal protection claim against defendant Acosta. Jauregui did not show that he was similarly situated with any of the other inmates involved in the casualty drill. See Ciechon v. City of Chicago, 686 F.2d 511, 522-23 (7th Cir.1982) (equal protection guards against intentional discrimination by the state among persons similarly situated) (citing Snowden v. Hughes, 321 U.S. 1, 8 (1943)). His own allegations showed instead that he was the only inmate who was seen talking by Acosta after being ordered to leave the area of the drill.
 
 
 3
 But we disagree with the district court that Jauregui failed to state an equal protection claim against defendant Forth. "A pro se prisoner's complaint is to be liberally construed; an uncounseled 'plaintiff is entitled to an opportunity to offer proof unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Kelley v. McGinnis, 899 F.2d 612, 616 n. 8 (7th Cir.1990) (quoting Muhammad v. Rowe, 638 F.2d 693, 695 (7th Cir.1981)). Given the allegations of Jauregui's complaint, we cannot conclude that there is no set of facts entitling him to relief. Contrary to the district court and the defendants' assertions, Jauregui alleged that defendant Forth acted intentionally in refusing to reinstate him to his work assignment after being released from segregation. See Shango v. Jurich, 681 F.2d 1091, 1104 (7th Cir.1982) ("A plaintiff 'must demonstrate intentional or purposeful discrimination' to show an equal protection violation.") (quoting Bloomenthal v. Lavelle, 614 F.2d 1139, 1141 (7th Cir.1980)); cf. Gregory v. Nunn, 895 F.2d 413, 415 (7th Cir.1990) (Sec. 1983 action/inmate's allegations of intentional interference with right of access to courts were sufficient to withstand motion to dismiss). Jauregui also alleged that defendant Forth customarily reinstated other inmates similarly situated. Jauregui was under no requirement to particularize the facts of their situations. See Durso v. Rowe, 579 F.2d 1365, 1371 (7th Cir.1978), cert. denied, 439 U.S. 1121 (1979). Because these allegations were sufficient to survive a Rule 12(b)(6) motion, we vacate the dismissal of the claim against defendant Forth and remand the case to the district court for further proceedings.
 
 
 4
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record