**Kevin KIRSCH and James Griffin**

v.

**Major J.C. SMITH and Warden McCaughtry (In their individual and official capacities).**

**No. 94–C–474.**

United States District Court,
E.D. Wisconsin.

May 19, 1994.

Kevin Kirsch, pro se.

James Griffin, pro se.

No appearance, for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Pro se plaintiffs, Kevin Kirsch and James Griffin, currently incarcerated at the Waupun Correctional Institution ["W.C.I."], have filed a 42 U.S.C. § 1983 action against the above-captioned defendants. Their complaint is accompanied by "Plaintiff Kirsch's Motion to Proceed In Forma Pauperis," "Plaintiff Griffin's Motion to Proceed In Forma Pauperis," and a motion for a "Temporary Restraining Order or in the Alternative a Preliminary Injunction" ["TRO motion"]. The plaintiffs' motions requesting leave to proceed in forma pauperis will be granted, and the defendants will be directed to serve and file a response to the plaintiffs' TRO motion.

In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (d). The court is obliged to give Mr. Kirsch's and Mr. Griffin's pro se allegations a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Vanshike v. Peters,* 974 F.2d 806, 807 (7th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993).

■ Mr. Kirsch's affidavit of indigence reveals that he is in prison and has no substantial assets. Mr. Griffin's affidavit of indigence reveals that he is also financially destitute. Accordingly, I conclude that Mr. Kirsch and Mr. Griffin have satisfied the requirements of 28 U.S.C. § 1915(a) and are unable to pay the costs of commencing this action.

■ Mr. Kirsch and Mr. Griffin must next demonstrate that their action has merit as required by 28 U.S.C. § 1915(d). An action is frivolous, for purposes of § 1915(d), if there is no arguable basis for relief either in law or fact. *See Denton v. Hernandez,* — U.S. —, —, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Casteel v. Pieschek,* 3 F.3d 1050, 1056 (7th Cir.1993); *Castillo v. Cook County Mail Room Dep't,* 990 F.2d 304, 306 (7th Cir.1993).

■ In their complaint, the plaintiffs allege that they are currently confined in "W.C.I.'s punitive segregation unit formally known as the Adjustment Center but commonly referred to as the 'Overlook Hotel' due to the deleterious effect that it has on the minds of staff and prisoners." The plaintiffs aver that Major J.C. Smith, with the authorization of Warden McCaughtry, has established the following practice and policy at W.C.I.:

> No pens or pencils are allowed to be used by any prisoner confined in the Overlook Hotel. Prisoners in the Overlook may only use a[n] ink tube for all their legal and personal writings ... Any modification of or alteration to the ink tube will result in the offending prisoner being allowed only a crayola crayon to write with and other disciplinary sanctions.

The plaintiffs have submitted as exhibit "A" to their complaint a sample "ink tube" which consists only of the plastic inner insert of a ballpoint pen that contains the ink of such a pen.

The plaintiffs allege that they are both involved in ongoing litigation. Specifically, they allege that Mr. Kirsch has an appellate brief due "40 days from April 12, 1994" in *Kirsch v. Endicott,* No. 94–359 (Wis.Ct.App. 1994), and that he is jailhouse counsel to the plaintiff in *Santiago v. Ware, et al.,* No. 92–CV–3906 (Dane county circuit court). They further allege that Mr. Griffin is currently litigating *Griffin v. McCaughtry, et al.,* No. 94–C–247–C (W.D.Wis.1994) and that "both are attempting to prepare litigations challenging various conditions of their confinements."

As a result of the ink tube policy at W.C.I., the plaintiffs contend that they are:

> [U]nable to pursue their litigations and administrative proceedings ... using the ink tube because: plaintiffs are unable to grip the ink tube and write legibly; the ink tube bends and wobbles with the slightest pressure prohibiting the making of carbon copies; trying to write with the ink tube causes the plaintiffs hands to quickly ache and throb due to previous hand injuries; the resulting pain forces plaintiffs to stop their attempts at writing with the ink tube and discourages plaintiffs from pursuing their legal and administrative avenues.

The plaintiffs further allege that in order to "write this civil complaint they had to violate the prohibition against alteration or modification of the ink tube by adding a cardboard and paper cylinder to enclose the ink tube in to make it thick enough to grip and strong enough to write with without bending or wobbling." They also aver that the "ink tube policy is not reasonably related to legitimate penological interests."

As relief, the plaintiffs request a temporary restraining order prohibiting the defendants from punishing the plaintiffs for modifying their ink tubes or in the alternative an order directing the defendants to provide the plaintiffs with proper ink pens. The plaintiffs also request a temporary restraining order preventing the defendants from transferring them from W.C.I. In addition, among other relief, the plaintiffs request damages and preliminary and permanent injunctive relief enjoining the defendants from enforcing the ink tube policy.

■ The gravamen of the plaintiffs' complaint is that the ink tube policy instituted by the defendants violates the plaintiffs' constitutional right to meaningful access to the courts. It is clear law "that indigent inmates

must be provided at state expense with paper and pen to draft legal documents" to assure meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977). However, what constitutes a "pen" is not so clear. For example, "a typewriter or full-sized pen is merely a convenience" that need not be provided to inmates unless it is asserted that a medical condition prevents them from using modified pens or pencils. *See Canell v. Bradshaw*, 840 F.Supp. 1382, 1391 (D.Or.1993). In such circumstances, "a full-sized writing instrument or typewriter might become an indispensable tool for communicating with the court." *Id.* If prison officials know of the alleged medical condition, "then their denial of [plaintiffs'] request could constitute a deprivation of necessary legal supplies unless that action was justified by a sufficient penological interest." *Id. See also Jeffries v. Reed*, 631 F.Supp. 1212, 1215 (E.D.Wash. 1986) (holding that "defendants' actions in cutting down the barrels of the pens is justified in light of their security concerns"). An additional requirement of an access to court claim is "some showing of detriment caused by the challenged conduct." *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir.1987).

Liberally construing the plaintiffs' complaint, I find that the plaintiffs have arguably stated an access to court claim. They have alleged that they have prior hand injuries that make it difficult to write with the ink tubes. In a conclusory manner, they argue that no valid penological interests exist for denying the plaintiffs the use of proper pens. They further assert that they have ongoing litigation with court dates set in which they must provide written documents to various courts. *See also Black v. Brown*, 513 F.2d 652, 655 (7th Cir.1975) (holding that dismissal of plaintiff's claim for damages associated with allegation that plaintiff "was not allowed to have in his possession a ball point pen" while in segregation was improper).

■ The United States Marshal will issue and serve process along with copies of the plaintiffs' TRO motion and this order upon the defendants in accordance with 28 U.S.C. § 1915(c) and Rule 4, Federal Rules of Civil Procedure. However, the plaintiffs are re- minded that they are required under Rule 5(a), Federal Rules of Civil Procedure, to serve upon the defendants, or if an appearance is entered by counsel, upon counsel, a copy of *every* pleading, motion or other paper they file with the court. They should also retain a copy of each document for their own files. If they do not have access to a photocopy machine, they may send out identical handwritten or typed copies of their documents. In addition, they are obligated to demonstrate that they have complied with the service requirements by filing a certificate of service with their papers. *See* Rule 5(d), Federal Rules of Civil Procedure. Failure to comply with these instructions may result in the court's disregarding such pleadings, motions or other papers.

### ORDER

Therefore, IT IS ORDERED that, pursuant to 28 U.S.C. § 1915(d), "Plaintiff Kirsch's Motion to Proceed In Forma Pauperis" be and hereby is granted.

IT IS ALSO ORDERED that, pursuant to 28 U.S.C. § 1915(d), "Plaintiff Griffin's Motion to Proceed In Forma Pauperis" be and hereby is granted.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(c) and Rule 4, Federal Rules of Civil Procedure, the United States Marshal be and hereby is directed to issue and serve process along with copies of the plaintiffs' TRO motion and this order upon the defendants in accordance with 28 U.S.C. § 1915(c) and Rule 4, Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the defendants be and hereby are directed to serve and file a response to the plaintiffs' TRO motion along with their response to the plaintiffs' complaint.