**Rufus WEST, Plaintiff,**

v.

**Gary McCAUGHTRY, et al., Defendants.**

**No. 97–C–0070.**

United States District Court,
E.D. Wisconsin.

May 16, 1997.

---

Rufus West, Waupun, WI, pro se.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Rufus West, currently incarcerated at the Waupun Correctional Institution, filed this civil rights complaint under 42 U.S.C. § 1983 on January 27, 1997. Along with his complaint, the plaintiff filed a petition to proceed in forma pauperis. Mr. West filed an amendment to his complaint on March 19, 1997.

Pursuant to 28 U.S.C. § 1915(b)(1), enacted on April 26, 1996, the plaintiff is required to pay the statutory filing fee of $150.00 for this action. If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit and return it to the court with a certified copy of the prisoner's trust account statement showing the transactions for the previous six months. The court then assesses, and when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

On February 7, 1997, this court assessed an initial partial filing fee, based on Mr. West's filing of a copy of his prisoner trust account statement, of $5.49, pursuant to 28 U.S.C. § 1915(b)(1)(B). The plaintiff paid that amount on March 6, 1997. Notwithstanding the fact that the plaintiff has paid the initial filing fee, "the court shall dismiss the case" if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune form such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when there is no arguable basis for relief in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1732–33, 118 L.Ed.2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989)); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir.1993). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory of where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1832–33.

A court may only dismiss a complaint, or a portion thereof, for a failure to state a claim, when it appears beyond a doubt that the party asserting the claim can prove no facts that would entitle him to relief. *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 2916–17, 125 L.Ed.2d 612 (1993); *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59

**1186**

(1984); *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir.1996). The court must accept all well-pleaded factual allegations as true and must draw reasonable inferences in favor of the party setting forth the claim. *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 791 (7th Cir.1996). I am obligated to give Mr. West's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam); *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir.1996).

## I. Plaintiff's Allegations

Mr. West's pleadings are laden with detailed factual allegations which, for current purposes, must be assumed to be true. *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir.1992), *cert. denied*, 508 U.S. 940, 113 S.Ct. 2417, 124 L.Ed.2d 639 (1993). However, I do not believe it necessary to repeat the litany of wrongs that he claims were visited upon him by a large number of individuals (54). Instead I propose to state in conclusory fashion whether his charges are legally sufficient to state a claim against one or more of the defendants.

Mr. West has arguably stated claims for medical mistreatment, physical abuses, and improper disciplinary action against the following defendants: "Dr. Jane Doe," Dr. Belgado, Captain Dittmann, Sergeant Renfrow, Mr. Gasser, Captain Garro, Sergeant Strelow, Sergeant Sleezlag, Mr. Daley, Beth Dittman, Warden McCaughtry, Mr. Franklin, Mr. Cummings, Mr. Engerman, Mr. Huibregtse, Mr. Sullivan, Sergeant Gaybay, Mr. Saleaz, Mr. Hendricks, Mr. Schoenberger, Captain Strahota, Sergeant Tarr, Mr. Glamann, Mr. Kirker, Mr. Hummelmeier, Lieutenant Thurmer, Mr. Brown, Mr. Weigel, Sergeant Koehler, Captain Fuchs, Lieutenant Jansen, Mr. Heidemann, Mr. Wolf, Mr. Cross, Mr. Hintz, Ms. Vick, Mr. Russ, Mr. Guest, Sergeant Rhodes, Mr. Wendlant, Mr. Dutzle, Mr. Vander Ark, and Mr. Bie.

He has also charged, if true, a legally adequate claim of denial of procedural due process on the part of the following defendants: the Waupun Business and Records Office, the two unnamed defendants who cut short his in-person and telephone conversations with his attorney, Mr. Glamann, Captain Dittman, Sergeant Sleezlag, Mr. Huibregtse, and Mr. Russell.

Finally, Mr. West has stated a claim against the mail department of the Waupun Correctional Institution for a violation of his First Amendment rights of free speech and association.

The following claims, however, fail to state a claim upon which relief can be granted, and will be dismissed: his claims against Captain Dittman and Sergeant Shackratt for failure to seek medical attention on August 21, 1996, his claims for threats and verbal assaults against defendants Tarr, Kempen, Sleezlag, Kirker, and Russell, his claim against Sergeant Sleezlag for racial insults, his claim against Nurse Schepp for her medical treatment of Mr. West on August 12, 1996, his claims against defendants Vick, Russ, Guest, Rhodes, Wendlant, and Dutzle for deprivation of a phone call, recreation, bath water, reading materials, and clean clothes or bedding, his claim against defendant Tarr for deprivation of soup, for pouring pepper on his food, and for shaking his tray of food, his claim against defendant Russell for failure to return Mr. West's borrowed law books, his claim against defendant Sleezlag for his failure to provide a pen insert, and his claim against the mail department of the Dodge Correctional Institution ["DCI"]. The only defendant that Mr. West has named in the caption of his complaint but failed to mention in the body is Mr. Gotenhuin. He will be dismissed, without prejudice.

The United States Marshal will be directed to serve a copy of the complaint, the summons and this order upon the remaining defendants. Mr. West, however, is reminded that he is required, pursuant to Rule 5(a), Federal Rules of Civil Procedure, to send a copy of every pleading, motion, written notice, appearance, demand, offer of judgment, and similar papers filed with the court to the opposing parties or their attorneys. The plaintiff should also retain a personal copy of each document. If Mr. West does not have access to a photocopy machine, he may send identical handwritten or typed copies of any documents. The court may disregard any

papers or documents that do not indicate that a copy has been sent to the defendants or their attorneys. I also advise Mr. West that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. Furthermore, the parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being delivered in a timely manner, thus affecting the legal rights of the parties.

I also note that since the filing of this case, Mr. West has submitted numerous documents that he calls "relevant material," mostly consisting of grievances that he has filed in the prison and personal mail that has allegedly been destroyed. I ask that Mr. West limit his filings to the material described above, namely pleadings, motions, written notices, appearances, demands, offers of judgment, and similar papers. Evidence should not be submitted to the court at this stage in the proceedings.

## II. Temporary Restraining Order

Soon after he filed this case, Mr. West submitted two motions for a temporary restraining order ["TRO"]. The first asks the court to order that he be seen by an outside neurology specialist; his second request is that he be released from punitive segregation into the "general population." I will order the remaining defendants to respond to his motions. *See Kirsch v. Smith*, 853 F.Supp. 301, 304 (E.D.Wis.1994) (Gordon, J.) (directing the defendants to respond to the pro se prisoners' motion for a TRO).

## III. Appointment of Counsel

■ The plaintiff has asked this court to appoint counsel. Attached to his motion for appointment of counsel are letters written to Mr. West from four attorneys stating that, for various reasons, they are unable to represent him in this action.

I find that Mr. West has made reasonable but unsuccessful efforts to retain private counsel. In determining whether to appoint counsel, the court must consider the competency of the plaintiff to proceed without a lawyer, and the complexity of the legal issues. *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir.1992); *Maclin v.*

*Freake*, 650 F.2d 885, 887–89 (7th Cir.1981). Although Mr. West has sued a multitude of defendants, the issues described above do not appear to be any more complex than most prisoner § 1983 cases. Indeed, they are quite straightforward. Moreover, Mr. West has, through the filing of his complaint, his amended complaint, and various motions, exhibited that he is competent to proceed pro se in this case. For these reasons, I will deny his motion to appoint counsel.

## IV. Second Amended Complaint

Although Mr. West has previously filed an amended complaint, he has recently requested leave to file a supplemental complaint naming eleven more defendants. I deem it the better exercise of discretion to deny this request to file the new changes.

## ORDER

Therefore, IT IS ORDERED that Mr. West's request to proceed in forma pauperis be and hereby is granted.

IT IS ALSO ORDERED that Mr. West's complaint against defendants Shackratt, Gotenhuin, Schepp, and the DCI mail department be and hereby is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that Mr. West's following claims be and hereby are dismissed: his claims against Captain Dittman and Sergeant Shackratt for failure to seek medical attention on August 21, 1996, his claims for threats and verbal assaults against defendants Tarr, Kempen, Sleezlag, Kirker, and Russell, his claim against Sergeant Sleezlag for racial insults, his claim against Nurse Schepp for her medical treatment of Mr. West on August 12, 1996, his claims against defendants Vick, Russ, Guest, Rhodes, Wendlant, and Dutzle for deprivation of a phone call, recreation, bath water, reading materials, and clean clothes or bedding, his claim against defendant Tarr for deprivation of soup, for pouring pepper on food, and for shaking tray of food, his claim against defendant Russell for failure to return Mr. West's borrowed law books, his claim against defendant Sleezlag for his fail-

ure to provide a pen insert, and his claim against the DCI mail department for opening a letter from a judge.

IT IS FURTHER ORDERED that the United States Marshal be and hereby is directed to serve a copy of the complaint, the summons and this order upon defendants McCaughtry, Belgado, Beth Dittmann, Franklin, Huibregtse, Daley, Hintz, Vick, Guest, Russ, Vander Ark, Bie, Strahota, Fuchs, Captain Dittmann, Garro, Sleezlag, Renfrow, Gaybay, Tarr, Strelow, Thurmer, Jansen, Weigel, Rhodes, Brown, Hendricks, Gasser, Heidemann, Saleaz, Glamann, Kirker, Hummelmeier, Koehler, Schoenberger, Wendlant, Dutzle, WCI records office, Wolf, Cross, Kempen, Sullivan, Cummings, Engerman, Porter, and Russell, pursuant to Rule 4, Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the defendants be and hereby are directed to serve and file a responsive pleading to Mr. West's complaint and a response to his motions for a temporary restraining order.

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designees shall collect from the plaintiff's prison trust account the $144.51 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of court each time the amount exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS FURTHER ORDERED that Mr. West's application for leave to file a supplemental complaint be and hereby is denied.