**UNITED STATES of America ex rel. Walter L. McCALVIN, Jr., Plaintiff,**

**v.**

**James IRVING et al., Defendants.**

**No. 80–2176.**

United States District Court, C. D. Illinois.

Dec. 3, 1980.

Walter L. McCalvin, Jr., pro se.

Michael V. Accettura, Asst. Atty. Gen., Springfield, Ill., for defendants.

## ORDER

BAKER, District Judge.

This is a civil rights action brought under 42 U.S.C. § 1983 by the plaintiff, an inmate at the Pontiac Correctional Center. The denial of the plaintiff's parole application on December 11, 1979, has sparked this attack on the constitutionality of the Prisoner Review Board's actions as well as on the constitutionality of the Illinois statute upon which the board based its decision. The plaintiff seeks a declaratory judgment that the Prisoner Review Board's actions and Ill.Rev.Stat. ch. 38, § 1003-3-5 are unconstitutional, a rule to show cause why he should not be immediately paroled, compensatory damages, punitive damages, and a preliminary injunction barring retaliation for filing this civil rights action. The defendants have moved to dismiss the plaintiff's complaint or, in the alternative, for summary judgment. The plaintiff has also made a motion for summary judgment.

■ Since the defendants have submitted matters outside of the pleadings in support of their motion, Rule 56 of the Federal Rule of Civil Procedure controls its disposition. Fed.R.Civ.P. 12. under Rule 56, a motion for summary judgment will be granted only when the pleadings and evidentiary materials submitted by the parties reveal that there is no "genuine issue" regarding any "material fact" and that the movant is entitled to judgment as a matter of law. It is well established that the party moving for summary judgment has the burden of establishing the absence of any real dispute as to the material facts of the case. *Rose v. Bridgeport Brass Co.*, 487 F.2d 804, 808 (7th Cir. 1973). Any doubt whether a genuine issue of material fact exists will be resolved against the movant. *Id.* It is in light of these basic principles that the parties' motions for summary judgment must be evaluated.

## I. *Cognizability under § 1983*

■ Citing *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the defendants contend that the plaintiff's claim is properly the subject of a habeas corpus action, not one under § 1983. In *Preiser*, the Supreme Court held that when a prisoner is contesting the "fact or duration of his physical confinement" and seeking immediate or earlier release, his remedy is a suit for habeas corpus. *Id.* at 498, 93 S.Ct. at 1840. In petitioning for a rule to show cause why he should not be immediately paroled, the plaintiff is attempting to procure an immediate release from confinement. The granting of this request for relief is foreclosed under *Preiser.*

The plaintiff, however, also seeks monetary relief and a declaratory judgment. In *Preiser*, the Supreme Court in dicta stated that claims for damages could properly be brought under § 1983. 411 U.S. at 494, 93 S.Ct. at 1838. This dicta was reaffirmed in *Wolff v. McDonnell*, 411 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), where the Court also held that *Preiser* did not bar a declaratory judgment which would serve as the basis for affording monetary relief. *Id.* at 555, 94 S.Ct. at 2974. The court may therefore proceed to adjudicate the plaintiff's claims to the extent that he requests declaratory judgments and monetary relief.

## II. *Statement of Reasons for Denying Parole*

The plaintiff is presently serving a one-hundred to one-hundred twenty-five year sentence for four counts of armed robbery and one count of murder. On December 11, 1979, he was denied parole because his release, in the opinion of the Prisoner Review Board, would "deprecate the seriousness of the offense or promote disrespect for the law." The plaintiff asserts that this statement of the reason for denying him parole is constitutionally insufficient under the due process clause of the Fourteenth Amendment. In particular, the plaintiff complains that the Prisoner Review Board has not disclosed the specific facts of his

offense which support their conclusion that release would deprecate the seriousness of the offense or undermine respect for the law.

■ In order for the plaintiff to be entitled to the protection afforded by the due process clause, he must have been deprived by governmental action of a liberty or property interest. In *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), the Supreme Court definitively resolved that there is no inherent protectible liberty interest in being granted parole which is subject to constitutional protection. *Id.* at 7, 99 S.Ct. at 2103. The Supreme Court did, however, acknowledge that such a protectible liberty interest can be created by state statute and observed that the Nebraska statute which stated that parole "shall" be granted "unless" certain circumstances existed created such a protectible interest.

It is significant that the Court explicitly emphasized the "unique structure" of the Nebraska statute which vests in a prisoner a right to parole which is subject to abridgement only if certain limiting factors exist. Indeed, the Court of Appeals for the Seventh Circuit has recognized that the "shall/unless" language of the Nebraska statute was a "crucial" factor in the Supreme Court's decision that the Nebraska statute created a protectible expectation of parole. *Averhart v. Tutsie*, 618 F.2d 479, 481 (7th Cir. 1980). *See also Boothe v. Hammock*, 605 F.2d 661, 664 (2d Cir. 1979).

■ The Illinois statute at issue here differs from the Nebraska statute and provides as follows:

The Board shall not parole a person eligible for parole if it determines that:

(1) there is a substantial risk that he will not conform to reasonable conditions of parole; or

(2) his release at that time would deprecate the seriousness of his offense or promote disrespect for the law; or

(3) his release would have a substantially adverse effect on institutional discipline.

Ill.Rev.Stat. ch. 38, § 1003–3–5. The Illinois statute, unlike the "unique" statute in *Greenholtz*, does not directly vest in a prisoner a right to parole.[1] Since the statute does not accord a right to parole, there is no protectible liberty interest which can be violated by the state's denial of parole. Therefore, the court cannot address the issue of the sufficiency of the reasons for denying the plaintiff parole, and summary judgment on this issue must be entered.

### III. *Unconstitutional Delegation of Powers*

The plaintiff alleges that in denying him parole the Prisoner Review Board has unconstitutionally assumed legislative and judicial powers. The plaintiff argues that the Prisoner Review Board has unconstitutionally overridden the statutory provisions of Ill.Rev.Stat. ch. 38 § 1003–3–3 which states that every person incarcerated for a felony shall be eligible for parole after a specified period of time. The plaintiff has already served this specified period of time.

■ The plaintiff's argument reflects a misunderstanding of the statutory provisions dealing with parole. Ill.Rev.Stat. ch. 38, § 1003–3–3 states only that a prisoner will be "eligible" for parole after serving the specified period of time not that he is entitled to release. Release is contingent on the absence of the factors delineated in Ill.Rev.Stat. ch. 38, § 1003–3–5. Since the Board has found that release would deprecate the seriousness of the plaintiff's offense, the plaintiff is not entitled to release under the statute, and the Prisoner Review Board has not unconstitutionally nullified the statute.

---

1. Ill.Rev.Stat. ch. 38, § 1003–3–3, which states when a prisoner "shall be eligible for parole" also does not create a protectible expectation of parole. In interpreting a predecessor statute, the Illinois Supreme Court held that parole is not mandatory simply because a prisoner is "eligible" for parole. *People v. Hawkins*, 54 Ill.2d 247, 1252, 296 N.E.2d 725 (1973). This distinction between eligibility to be considered for parole and entitlement to parole means that under § 1003–3–3 no liberty interest is created which triggers due process safeguards.

To place in the hands of the Prisoner Review Board the power to determine the date of a prisoner's actual release from confinement also does not constitute an unconstitutional delegation of judicial power. In interpreting the Unified Code of Corrections, the Illinois Supreme Court has observed that the sentences imposed under it by the judiciary are sentences of commitment to the Department of Corrections rather than sentences of confinement to a penitentiary. *People v. Williams*, 66 Ill.2d 179, 187, 5 Ill.Dec. 582, 361 N.E.2d 1110 (1977). When a person is released on parole, he is still subject to this sentence of commitment. Hence, his release on parole is not on abrogation of the judicially imposed sentence. The powers vested in the Prisoner Review Board are therefore constitutional, and the defendants are entitled to summary judgment on this issue.

IV. *Equal Protection*

The plaintiff has also alleged that he was deprived of his right to equal protection of the law when he was denied parole because of the seriousness of his offense. Apparently the plaintiff is asserting that other prisoners who have committed equally serious offenses have been granted parole when they first became eligible for it whereas the plaintiff was denied parole. The defendants have not responded to this contention.

The court cannot say unequivocally that the plaintiff's claim has no merit, yet there are insufficient facts alleged to warrant the entry of summary judgment for the plaintiff. The defendants' and the plaintiff's motions for summary judgment on this issue will accordingly be denied.

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment be, and hereby is, denied as to the plaintiff's equal protection claim to the extent that the plaintiff seeks a declaratory judgment and monetary relief.

IT IS FURTHER ORDERED that the defendants' motion for summary judgment be, and hereby is, granted as to all other issues.

IT IS FURTHER ORDERED that the plaintiff's motion for summary judgment be, and hereby is, denied.