## UNITED STATES of America ex rel. David KING and Louis Roberson, Plaintiffs,

v.

## Michael LANE, Director, Illinois Department of Corrections, James Fairman, Warden, Joliet Correctional Center, and James Chrans, Warden, Pontiac Correctional Center, Defendants.

### No. 86 C 5326.

United States District Court, N.D. Illinois, E.D.

Jan. 6, 1987.

Paul J. Glaser, Office of State Appellate Defender, Elgin, Ill., for plaintiffs.

Marcia L. Friedl, Asst. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Petitioners David King and Louis Roberson filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1982) claiming that their state court convictions should be vacated because of the state's failure to disclose an alleged deal made with a prosecution witness, thus violating the Supreme Court's rule in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), requiring the disclosure of material evidence favorable to the accused in a criminal proceeding. The state respondents have filed an answer requesting that the petition be dismissed. For the following reasons, we grant the respondents' motion and dismiss the petition.[1]

---

1. Although not framed as such, the respondents' motion is essentially one for summary judgment, the procedural vehicle most often used to resolve habeas corpus petitions. Because, as discussed in the opinion, we find that as a matter of law the respondents are entitled to

After conviction, judgment was entered against petitioners for the offenses of attempted murder and conspiracy to commit robbery. One of the state's primary witnesses at trial was Jerry Handford, who testified that he and the petitioners planned and carried out a robbery of Nelson Lee and his step-nephew, Timothy Walker, during a drug purchase.[2] Lee was shot during the robbery. Walker's testimony corroborated Handford's story regarding the robbery; however, Handford was the only witness regarding the conspiracy. At trial, the petitioners' defense was based on their own testimony and that of alibi witnesses who claimed that the petitioners were elsewhere at the time of the crime.

In a statement to the police shortly after the robbery, Handford originally denied that he could identify the petitioners as present at the scene of the crime. However, the next morning Handford changed his story and disclosed that he was actually the petitioners' accomplice and that they indeed had committed the acts with which they were charged. Handford, too, was charged with conspiracy to commit robbery as well as a residential burglary unrelated to the Lee robbery. Several weeks after Handford had admitted his participation in that robbery, he made a plea bargaining arrangement with the state which involved his testifying against petitioners at their trial in conjunction with an agreement by the state to drop the conspiracy charge and reduce the unrelated residential burglary charge to burglary upon Handford's guilty plea. The state acknowledged this agreement at trial and Handford was cross-examined as to the plea bargain by counsel for both petitioners.

Although petitioners were convicted of attempted murder, aggravated battery, conspiracy to commit robbery and attempted armed robbery, judgment was entered only on the attempted murder and conspir-

acy convictions, and each petitioner was sentenced to concurrent extended terms of fifty years imprisonment for attempted murder and fourteen years imprisonment for conspiracy. On August 3, 1984, petitioners moved for a new trial based on allegations that the state failed to disclose that Handford had been implicated along with two others in a sexual assault of a fellow inmate while in custody. Petitioners argued that they were entitled to a new trial because they were prejudiced by the state's failure to disclose this information as well as the fact that the state failed to charge Handford with the assault. The request for a new trial was denied, and petitioners appealed their convictions and sentences. The Illinois appellate court affirmed the convictions, denying petitioners' due process claims, but reduced the sentence on the conspiracy conviction to three years, *People v. King,* 140 Ill.App.3d 937, 93 Ill.Dec. 445, 486 N.E.2d 978 (2d Dist. 1985), and the petitioners' requests for leave to appeal to the Illinois Supreme Court were denied. Accordingly, petitioners appear to have exhausted their state remedies as required under the federal habeas statute. 28 U.S.C. § 2254(b) (1982).

In *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963), the Supreme Court held that a criminal defendant is denied Fourteenth Amendment due process where the prosecution fails to disclose evidence favorable to the accused upon the latter's request for such information during discovery. Moreover, required disclosure of so-called *Brady* material extends to evidence which may be used to impeach important government witnesses. *United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985).

Despite the important protections of the *Brady* rule, prosecutors need not disclose their entire files to defendants. In review-

---

judgment even if the petitioners' allegations are true, we treat this as a summary judgment motion. *See Ross v. Franzen,* 777 F.2d 1216, 1222 (7th Cir.1985) (summary judgment appropriate if, resolving factual disputes in favor of nonmoving party, moving party is nonetheless entitled to judgment as a matter of law).

**2.** Although there were different accounts at trial of what Lee and Walker were doing at the time of the robbery and shooting, they are not relevant here.

ing a state court conviction under § 2254, this Court can only vacate a conviction upon a finding that an error of constitutional magnitude has occurred, and such an error occurs under *Brady* only where the undisclosed evidence is material. *Bagley,* 473 U.S. at 678, 105 S.Ct. at 3381. Borrowing from its analysis is ineffective assistance of counsel cases, the Supreme Court has articulated the following standard for materiality in *Brady* cases:

> The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.

*Id.* at 682, 105 S.Ct. at 3384. *See also United States v. Brimberry,* 803 F.2d 908, 914 (7th Cir.1986).

Even assuming the state included a promise not to charge Handford in the sexual assault case as part of the plea bargain,[3] we cannot conclude based on the record before us that there is a reasonable probability that such disclosure would have had any effect on the outcome of the petitioners' trial. Petitioners make much of the fact that had Handford been charged and convicted in the sexual assault case, he would have faced a mandatory six-year sentence, as "deviate sexual assault" was a Class X felony.[4] However, Handford was already facing charges of residential burglary, a Class 1 felony which carried a potential sentence ranging from four to fifteen years imprisonment, Ill.Rev.Stat. ch. 38, ¶ 1005–8–1(a)(4) (1985), and conspiracy to commit robbery with a potential sentence of three years imprisonment, Ill. Rev.Stat. ch. 38, ¶ 1005–8–1(a)(7) (1985).

He pled guilty to burglary, a Class 2 felony with a sentence range of three to seven years. Ill.Rev.Stat. ch. 38, ¶ 1005–8–1(a)(5) (1985). Furthermore, Handford testified at trial that he expected to receive probation as his sentence on the burglary charge. Thus, Handford had every incentive to cooperate with the state totally aside from the sexual assault incident, which, if it were included as part of the deal to testify, would have been superfluous.

Furthermore, the trial transcript reveals that petitioners' counsel had ample opportunity to impeach Handford based on the deal he had already made and that they did so. The jury was well aware that Handford was testifying as part of a deal with the state, and was informed that he had received a substantial reduction in charges in return for his testimony. Nevertheless, the jury chose to believe Handford's testimony, as well as the other evidence presented by the state, over the testimony of the petitioners and their alibi witnesses. We cannot see how the additional disclosure, if it indeed was even part of the plea bargain/testimony deal, could have reasonably had an effect on the outcome of the trial. Accordingly, we conclude that petitioners have no claim as a matter of law that a due process violation tainted the outcome of their trial.

———

Because this Court does not view the state's decision not to charge Handford in the sexual assault case (even if that decision was part of the plea bargain) as material evidence which would have substantially affected the outcome of the trial if disclosed, we find that the respondents are entitled to judgment as a matter of law.

---

**3.** Both sides in this case have argued about the substantiation, or lack thereof, of any deal between the state and Handford regarding the sexual assault case. The petitioners assert that in the state court proceedings the state prosecutors were less than candid about their knowledge of the sexual assault in which Handford was implicated, purportedly bolstering the circumstantial evidence that the failure to charge Handford was part of the plea bargain. However, we need not concern ourselves with this dispute since in our opinion we find that even if the failure to charge Handford in the sexual

assault case was part of the bargain, no *constitutional* violation has occurred.

**4.** Interestingly, the crime of "deviate sexual assault" was repealed from Illinois Criminal Code shortly after the assault incident related to this case occurred. "Deviate sexual assault" was recast as "criminal sexual assault," Ill.Rev.Stat. ch. 38, ¶ 12–13 (1985), which is a Class 1 felony providing for the same potential punishment as residential burglary. *See* Ill.Rev.Stat. ch. 38, ¶ 1005–8–1(a)(4) (1985).

Accordingly, we allow the respondents' motion for summary judgment and dismiss petitioners' petition for a writ of habeas corpus. It is so ordered.