951 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Johnny SMITH, Plaintiff/Appellant,
v.
Augustus SCOTT, et al., Defendants/Appellees.
 No. 91-1275.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 11, 1991.*
Decided Dec. 18, 1991.
 
 1
 Before BAUER, Chief Judge and EASTERBROOK and MANION, Circuit Judges
 
 ORDER
 
 2
 Johnny Smith sued several Pontiac prison officials after they disciplined him for possessing marijuana in his prison cell. The magistrate judge to whom the case was assigned granted the officials' motion for summary judgment. Smith appeals claiming that the magistrate judge erred by denying his motion for counsel and by granting the motion for summary judgment. The magistrate judge properly denied Smith's motion for appointment of counsel, see Macklin v. Freake, 650 F.2d 885 (7th Cir.1981), and, for the reasons stated in the magistrate judge's attached order, correctly granted the motion for summary judgment.[1]
 
 
 3
 AFFIRMED.
 
 
 4
 UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS
 
 DANVILLE DIVISION
 
 5
 JOHNNY SMITH Plaintiff,
 
 
 6
 vs.
 
 
 7
 AGUSTUS SCOTT, ET AL Defendants.
 
 No. 88-2077
 Jul 27 1990
 ORDER
 
 8
 This is an action filed pursuant to 42 USC § 1983. This Court has jurisdiction pursuant to 28 USC § 1331. The parties have consented to have this case heard to its conclusion by a United States Magistrate, and the District Judge has referred this case to me. Now before the Court is the Defendants' Motion for Summary Judgment (# 40). The plaintiff has filed a response with attachments and I have held a hearing. I find that the motion should be allowed.
 
 
 9
 Summary judgment is appropriate only if there is no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law, Fed.R.Civ.P. 56(c). In ruling on a summary judgment motion, the Court may not weigh the evidence or resolve issues of fact. Disputed facts must be left for resolution in a trial. At this stage, the Court's function is to determine whether there are genuine issues for trial. There are no genuine issues unless there is sufficient evidence favoring the non-moving party for a reasonable jury to return a verdict for that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). When faced with a summary judgement motion, the non-moving party must make a factual showing sufficient to establish the existence of a controverted material element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 314 (1986). In addition, all reasonable inferences from the factual evidence must be drawn in favor of the non-movant. DeValk Lincoln Mercury, Inc. v. Ford Motor Company, 811 F2d 326 (7 Cir.1987).
 
 
 10
 The facts of this case are undisputed. The plaintiff, Johnny Smith, is an inmate at Pontiac Correctional Center. In May of 1985 the plaintiff was celled with inmate Julius Brown. On June 7, 1985, the plaintiff was out of his cell from at least 10:00 a.m. until 3:00 p.m.
 
 
 11
 At approximately 2:15 p.m. corrections officers conducted a "shakedown" search of the plaintiff's cell. The officers found three hand-rolled marijuana cigarettes concealed in the toilet paper roll in the cell. Both Brown and Smith were issued disciplinary tickets for possession of contraband.
 
 
 12
 Disciplinary hearings on the tickets were held June 7, 1985. Brown and Smith had separate hearings. Each denied ownership or knowledge of the contraband. On the day of the hearing, Smith requested several witnesses. That request was denied by the Adjustment Committee because it was untimely. Based on telephone verification by the complaining officer and lab tests showing the contraband to be marijuana, the Committee found each inmate guilty of the charge of possession of contraband. That finding was based on the prison orientation manual which states that each inmate is responsible for everything in his cell, even in a double-cell situation.
 
 
 13
 Documents submitted by the defendants show that each inmate was given identical punishment of 30 days segregation and 30 days demotion to C-Grade.
 
 
 14
 In an order dated April 17, 1989, this Court denied the defendants' Motion to Dismiss largely because the plaintiff had alleged that his cell-mate Brown had not been disciplined for the incident. Now, the plaintiff does not dispute the assertion that both he and Brown received identical punishments. The Court's concern that there was a lack of evidence to find plaintiff guilty has been satisfied. The contraband was found in a common area easily accessible to either Brown or Smith and not accessible from outside the cell, cf. Ross v. Franzen, 777 F.2d 1216 (7 Cir.1985). The Committee had "some evidence" to support its finding as to the plaintiff, and the Court will not disturb them, Superintendent v. Hill, 474 U.S. 445 (1985).
 
 
 15
 The plaintiff argues that he should have been allowed to call witnesses to verify that no drugs were taken from his person. That fact is not in dispute. The witnesses could have added nothing to the evidence already before the Adjustment Committee. The plaintiff argues that he was entitled to be given a polygraph test or to have the incident more thoroughly investigated. The Court can find no such due process requirement in this case.
 
 
 16
 Finally, the plaintiff seems to challenge the policy that each inmate is responsible for everything in his cell. I find that the policy in question bears a rational relationship to legitimate penological concerns of safety and security. Procunier v. Martinez, 416 U.S. 396 (1972); Turner v. Safely, 482 U.S. 78 (1987). It also meets the tests for constructive possession as that term is commonly used in the criminal and civil law.
 
 
 17
 In summary, I have reviewed the allegations of the plaintiff and the documents and responses of the defendants, and I find that the Adjustment Committee proceedings of June 11, 1985 complied with due process under Wolff v. McDonnell, 418 U.S. 539 (1974), and that the defendants are entitled to judgment as a matter of law.
 
 
 18
 Accordingly, IT IS ORDERED, that the defendants' Motion for Summary Judgment (# 40) is ALLOWED. The Clerk is directed to enter judgment if favor of all of the defendants and against the plaintiff.
 
 
 19
 Because of the ruling on the motion, the other pending motions (# 32, 37, 38, 42, 44, 48 and 49) are MOOT.
 
 
 20
 /s/ROBERT J. KAUFFMAN
 
 
 21
 /s/UNITED STATES MAGISTRATE
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Given our disposition in this case and considering the factors set forth in Macklin, 650 F.2d at 887-89, we deny Smith's motion for appointment of appellate counsel