Charles B. MASSIE, Plaintiff,

v.

BOARD OF TRUSTEES, HAYWOOD COMMUNITY COLLEGE; Nathan Hodges, Individually; Michael Germano, Individually; and James Summers, Individually, Defendants.

No. 1:04 CV 108.

United States District Court,
W.D. North Carolina.
Asheville Division.

Feb. 16, 2005.

Glen C. Shults, Law Offices of Glen C. Shults, Asheville, NC, for Plaintiff.

Karl D. Shatley, Roberts & Stevens, P.A., Asheville, NC, for Defendants.

## MEMORANDUM AND ORDER

THORNBURG, District Judge.

**THIS MATTER** is before the Court on the parties' cross-motions for summary judgment, and the Defendants' motion for leave to amend their answer. The Plaintiff has also filed evidentiary objections to some of the material in the Declaration attached to the Defendants' briefs.

## I. PROCEDURAL HISTORY

Plaintiff Charles Massie ("the Plaintiff") filed his complaint on June 11, 2004, against the Board of Trustees of Haywood Community College ("HCC" or "the College"); Nathan Hodges, President of the College; Michael Germano, Vice President of Academic Services Division of the College; and James Summers, Chairperson of the College's Applied Technology Division (collectively "the Defendants"). The complaint alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); the North Carolina Wage Act, N.C. Gen.Stat. §§ 95–85, *et seq.* ("NCWA"); discrimination based on the exercise of his FLSA rights against all Defendants; and additional claims of breach of agreement and contract against HCC.

Defendants filed a motion to dismiss on July 6, 2004, on the grounds that Plaintiff was an exempt employee under the FLSA and NCWA, and the insufficiency of Plaintiff's breach of contract claim. Plaintiff filed a responsive brief and then moved the Court to consider the Defendants' motion and his own responsive brief as cross-motions for summary judgment, given that the pleadings included facts and evidence outside the four corners of the complaint. The Court granted the Plaintiff's motion

and permitted each party to file one additional brief supporting their arguments for summary judgment. *See* Order, filed August 31, 2004.

## II. FACTS

This litigation arises out of the Plaintiff's employment as a welding instructor for HCC, a position he held from 1978 until 2004. Defendants' Brief in Support of Motions to Dismiss, filed July 6, 2004 ["Defendants' Motion to Dismiss"], at 2. From 1978 to 1999, the Plaintiff worked solely as the instructor for daytime welding classes. Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss, filed July 26, 2004 ["Plaintiff's Opposition to Defendants' Motion to Dismiss"], at 7. The Plaintiff entered into annual employment agreements with HCC prior to each school year. Complaint, filed June 11, 2004, ¶ 10.

Beginning in May 1999, the Plaintiff entered into two employment contracts annually with HCC, one for his normal day classes, and another to become the instructor for night welding classes. Plaintiff's Opposition to Defendants' Motion to Dismiss, *supra.* This continued until the Fall 2002, when night time welding classes were no longer formally offered by HCC. Defendants' Motion to Dismiss, at 2. However, the Plaintiff continued teaching some night time welding classes until June 2003. Plaintiff's Opposition to Defendants' Motion to Dismiss, *supra.* The Plaintiff claims that he was told to continue teaching the night classes and would be compensated for them at a later date. *Id.* However, the Defendants claim the Plaintiff voluntarily chose to do so, knowing he would not be further compensated, to allow students who could not attend day classes to makeup the classes they had missed at night. Defendants' Brief in Support of Motion for Summary Judgment, filed September 15, 2004, at 6–7. In September 2003, the Plaintiff was approached by Defendant James Summers and asked to sign

a memorandum stating he was teaching night classes voluntarily, and would not be compensated for them. Plaintiff's Opposition to Defendants' Motion to Dismiss, *supra.* The Plaintiff complied, but argues he did so under duress and believed he would be terminated if he did not comply. *Id.,* at 8.

Plaintiff claims he is entitled to unpaid wages and damages for the Defendants' failure to compensate him for his work as a night welding instructor and for other work he performed at the direction of the Defendants which was not compensated. Complaint, ¶¶ 33–42. Plaintiff also claims he is entitled to damages for the Defendants' breach of his employment contract and failure to properly compensate him under applicable HCC policies. *Id.,* ¶¶ 43–53. Finally, Plaintiff alleges he was discriminated against by HCC for exercising his rights under the FLSA. *Id.,* ¶¶ 54–56.

## III. STANDARD OF REVIEW

A court should grant a motion for summary judgment where there is no genuine issue of material fact and judgment for the moving party is warranted as a matter of law. Fed.R.Civ.P. 56(c). A genuine issue of material fact exists where there is evidence such that a reasonable jury could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of [his] pleadings," but instead must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("One of the primary purposes of the summary judgment rule is

to isolate and dispose of factually unsupported claims or defenses."). When considering opposing motions for summary judgment, the Court must consider each motion "separately on its own merits." *Rossignol v. Voorhaar,* 316 F.3d 516, 523 (4th Cir.), *cert. denied,* 540 U.S. 822, 124 S.Ct. 135, 157 L.Ed.2d 41 (2003). In considering each motion separately "the court must take care to 'resolve all factual disputes and any competing, rational inferences in the light most favorable' to the party opposing that motion." *Id.* (quoting *Wightman v. Springfield Terminal Ry. Co.,* 100 F.3d 228, 230 (1st Cir.1996)).

## IV. DISCUSSION

### A. Plaintiff's FLSA and NCWA Claims

Defendants argue they are entitled to summary judgment as to Plaintiff's FLSA and NCWA claims on the grounds that the Plaintiff was an exempt professional employee under both Acts and, therefore, was not entitled to the compensation he claims he is due. The FLSA and NCWA prescribe that employees required to work 40 hours or more per week must be compensated for the additional hours at a rate one and one-half times their normal rates. 29 U.S.C. § 207; N.C. Gen.Stat. § 95–25.4. Section 213 of the FLSA exempts certain employees from this statutory requirement who are "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213. The NCWA similarly allows such an exemption. *See* N.C. Gen.Stat. § 95–25.14(b)(4) (exempting "any person employed in a bona fide executive, administrative, professional or outside sales capacity, as defined under the [FLSA]").

The regulations promulgated by the Department of Labor [1] under the FLSA de-

---

1. The Department of Labor has revised the regulations which define the professional exemption effective August 23, 2004. However, this Court will apply the regulations as they existed during the relevant time in which the Plaintiff's claims arose. *See In re Wal–Mart*

fine the professional exemption to include an employee "whose primary duty consists of ... teaching, tutoring, instructing, or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher in the school system or educational establishment or institution by which he is employed." 29 C.F.R. § 541.3(a)(3) (July 2004). The regulations identify a "short test" for determining the exempt status of such an employee. *See* 29 C.F.R. § 541.3(e); *Gonzales v. New England Tractor Trailer Training Sch.*, 932 F.Supp. 697, 701 (D.Md.1996). Under the "short test," the employee is deemed to be exempt where he "is compensated on a salary or fee basis at a rate not less than $250 per week" and whose work requires "the consistent exercise of discretion or judgment." 29 C.F.R. § 541.3(e) (July 2004). While not explicitly defining the terms "discretion and judgment,"[2] the regulations do state that "[a] prime characteristic of professional work is the fact that the employee does apply his special knowledge or talents with discretion and judgment [and that] [p]urely mechanical or routine work is not professional." 29 C.F.R. § 541.305.

■ The application of any exemption under the FLSA is an affirmative defense and the burden of proof rests with the employer to prove by clear and convincing

evidence that the employee qualifies for an exemption. *See Condren v. Sovereign Chem. Co.*, 142 F.3d 432 (table), 1998 WL 165148, \*6 (6th Cir.1998). Further, exemptions are to be construed narrowly and "'limited to those circumstances plainly and unmistakably within the exemption's terms and spirit.'" *Id.* (quoting *Douglas v. Argo–Tech Corp.*, 113 F.3d 67, 70 (6th Cir.1997)). While the determination of the exempt status of an employee is an issue of law for the Court to determine, the facts underlying any determination of the employee's status are issues of fact. *Booth v. Intertrans Corp.*, 1995 WL 324631, \*4 (E.D.La.1995).

■ In this case, the only disputed issue as to whether the Plaintiff is an exempt employee is whether the Plaintiff's position is one that requires the "consistent exercise of discretion and judgment." The parties have presented arguments and opposing affidavits,[3] describing the Plaintiff's responsibilities and job duties in terms closely tracking the language of the relevant regulations. The Plaintiff argues and has presented evidence that his duties as welding instructor were purely mechanical, never varying from the standardized procedures found in the textbook and mandated by the State. In opposition, the Defendants argue, and present evidence, that the Plaintiff had much broader "discretion

*Stores, Inc.*, 395 F.3d 1177, 1180 n. 2 (10th Cir.2005).

2. The regulations interpreting the administrative exemption to the FLSA define the similar phrase "exercise of discretion and independent judgment" as involving,

> the comparison and evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered [and] ... moreover, impl[ying] that the person has the authority or power to make an independent choice, free from immediate direction or supervision and with respect to matters of importance.

29 C.F.R. § 541.207. Many courts have looked to this as guidance in interpreting "discretion and judgment" under the professional exemption. *See, e.g., Rutlin v. Prime Succession, Inc.*, 220 F.3d 737, 743 (6th Cir. 2000).

3. Plaintiff's evidentiary objections to portions of the Germano and Summers' declarations are denied as moot. Pursuant to Rule 56, in reaching its decision on both parties' motions for summary judgment, the Court only considered admissible evidence. Fed.R.Civ.P. 56(e).

and judgment" in his position as a lead professor by maintaining his classroom in a safe manner and instructing and advising his students. Pursuant to Rule 56, the Court is not to decide factual disputes at summary judgment. Furthermore, the Court should not resolve factual issues by weighing contradicting affidavits. *See, e.g., Ross v. Franzen*, 777 F.2d 1216, 1220 (7th Cir.1985) ("[I]t is not within the province of the court to resolve issue of disputed fact in a trial by affidavit."). Therefore, considering the parties' cross-motions for summary judgment separately, and considering the evidence in the light most favorable to the opposing party with regard to each motion, the Court finds that there is a genuine issue of material fact as to whether the Plaintiff consistently exercised discretion and judgment in his employment to be considered an exempt employee under the FLSA and NCWA. *See, Bowen v. GDMFC of Texas, Inc.*, 1999 WL 172291, *4 (N.D.Tex.1999) (finding genuine issue of material fact where the court was "presented with dueling affidavits, all of which closely track[ed] the language of the Labor Regulations[,] ... [and other] evidence of the 'he said, she said' variety ....."). Therefore, the Court denies both the Plaintiff's and Defendants' motions for summary judgment at this time.

## B. Plaintiff's Breach of Contract Claims

█ Both parties have also moved for summary judgment as to Plaintiff's breach of contract claims. In his complaint, the Plaintiff alleges the Defendants have breached the employment contracts entered into annually between the parties. Plaintiff argues that HCC's policies regarding maximum course loads found in the HCC Policy and Procedures Handbook are incorporated by reference into his employment contracts. This policy states the maximum number of contact hours per week for a professor is 15 to 20 hours.

Exhibit A, *attached to* Declaration of Charles B. Massie, filed July 26, 2004, ¶ 5. Plaintiff argues that beginning in 2002 when he began teaching night classes without a contract or further compensation, this maximum contact hour threshold was eclipsed and the Defendants were in breach of the employment contract. Plaintiff's Opposition to Defendants' Motion to Dismiss, at 23. In response, the Defendants argue the Plaintiff signed a memorandum that stated any night classes he taught were voluntary and were not taught for additional compensation. Defendants' Motion to Dismiss, at 7. The Plaintiff argues that this memorandum was signed under duress and he anticipated he would be terminated if he did not sign it. Plaintiff's Opposition to Defendants' Motion to Dismiss, at 25.

Considering the parties' motions for summary judgment separately, the Court determines that there exists a genuine issue of material fact, regardless of in whose favor the evidence is viewed, as to whether the HCC handbook provisions are applicable and incorporated into the Plaintiff's employment contracts, as to the circumstances of the decision to end formally scheduled night welding classes, and as to whether the memorandum signed by the Plaintiff was a valid release of any claims to compensation for night welding classes taught after May 2002. Therefore, the parties' cross motions for summary judgment as to the Plaintiff's breach of contract claims are denied.

## C. Plaintiff's Other Claims

Each party, in their motions for summary judgment filed September 15, 2004, have moved the Court for summary judgment on other claims included in the Plaintiff's complaint; the Plaintiff on his failure to accrue sick and annual leave during his employment in the summer of 2003, and

Defendant on Plaintiff's discrimination claim. The Court finds that there are significant issues of material fact existing with regard to these claims, especially given the early phase of this litigation and the minimal briefing of these issues before the Court. Therefore, the Court denies the parties' motions for summary judgment with regard to these issues as well.

### D. Defendants' Motion to Amend their Answer

■ Motions to amend under Rule 15(a) of the Federal Rules should be freely granted. Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). A court should only deny such a motion to amend where it finds "undue delay, bad faith or dilatory motive ..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., [or] futility of amendment." *Ward Elec. Service, Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir.1987) (quotations omitted).

■ Here, the Defendants seek to amend their answer to assert a statute of limitations defense to Plaintiff's FLSA and breach of contract claims. The Plaintiff opposes the Defendants' motion on the grounds that such an amendment would be futile under a continuous violation theory. For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510–11 (4th Cir.1986). While there may be merit to the Plaintiff's arguments, the Defendants' proposed amendment does not rise to the level of "clearly insufficient or frivolous on its face." *See also, Rambus, Inc. v. Infineon Tech., AG*, 304 F.Supp.2d 812, 819 (E.D.Va.2004) ("Courts generally favor the 'resolution of cases on their mer-

its' ... [t]hus the substantive merits of a proposed claim [or defense] are typically best left for later resolution, e.g., motions to dismiss or for summary judgment, ..., or for resolution at trial.") (*quoting Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980)). Therefore, the Court grants Defendants' motion to amend.

## V. ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' motion for summary judgment is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's motion for leave to file supplemental declaration and evidentiary objections is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' motion to amend answer is **GRANTED**, and the Amendment to Defendants' Answer attached to the motion to amend is hereby deemed filed as of the date of the motion.

The parties are directed to file a revised Certification and Report of F.R.C.P. 26(f) Conference and Discovery Plan within 20 days from the entry of this Order.